**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Allcare Medical, LLC, Respondent,

v.

Ahava Hospice, Inc. f/k/a Ascension Hospice Inc., Robert A. Williams, and Lancelot D. Wright, Defendants,

Of whom Ahava Hospice, Inc. f/k/a Ascension Hospice Inc., and Lancelot D. Wright are the Appellants.

Appellate Case No. 2014-001316

———————

Appeal From Spartanburg County
J. Mark Hayes, II, Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-307
Submitted June 1, 2015 – Filed June 24, 2015

———————

**AFFIRMED**

———————

Darryl D. Smalls, of Darryl D. Smalls, Attorney at Law, of Columbia, for Appellants.

Alexandre Nicolas MacClenahan, of The MacClenahan Law Firm, LLC, of Greenville, for Respondent.

———————

**PER CURIAM:** Ahava Hospice, Inc. (Ahava) and Lancelot Wright appeal the circuit court's order granting summary judgment in favor of Allcare Medical, LLC (Allcare), arguing the circuit court erred in granting summary judgment when (1) no contract existed between Ahava and Allcare; (2) there is a genuine issue of fact whether Ahava is a successor in interest to Ascension Hospice, Inc.; and (3) there is a genuine issue of fact whether the promissory note signed by Wright was void because of duress. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Issues 1 and 2: *David v. McLeod Reg'l Med. Ctr.*, 367 S.C. 242, 247, 626 S.E.2d 1, 3 (2006) ("When reviewing an order granting summary judgment, the appellate court applies the same standard as the trial court."); *McNaughton-McKay Elec. Co. of N.C. v. Andrich*, 324 S.C. 275, 279, 482 S.E.2d 564, 566 (Ct. App. 1997) ("Summary judgment is proper when it is clear there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."); *id.* ("Summary judgment should be granted when plain, palpable, and undisputable facts exist on which reasonable minds cannot differ."); *id.* ("In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party."); *Simmons v. Mark Lift Indus., Inc.*, 366 S.C. 308, 312, 622 S.E.2d 213, 215 (2005) ("[I]n the absence of a statute, a successor or purchasing company ordinarily is not liable for the debts of a predecessor or selling company **unless** (1) there was an agreement to assume such debts, (2) the circumstances surrounding the transaction warrants a finding of a consolidation or merger of the two corporations, (3) the successor company was a mere continuation of the predecessor, or (4) the transaction was entered into fraudulently for the purpose of wrongfully defeating creditors' claims." (footnote omitted)).

2. As to Issue 3: *Holler v. Holler*, 364 S.C. 256, 266-67, 612 S.E.2d 469, 475 (Ct. App. 2005) ("The central question with respect to whether a contract was executed under duress is whether, considering all the surrounding circumstances, one party to the transaction was prevented from exercising his free will by threats or the wrongful conduct of another."); *id.* at 267, 612 S.E.2d at 475 ("In order to establish that a contract was procured through duress, three things must be proved: (1) coercion; (2) putting a person in such fear that he is bereft of the quality of mind essential to the making of a contract; and (3) that the contract was thereby obtained as a result of this state of mind."); *id.* ("The fear which makes it impossible for a person to exercise his own free will is not so much to be tested by the means

employed to accomplish the act, as by the state of mind produced by the means invoked."); *id.* ("Duress is viewed with a subjective test which looks at the individual characteristics of the person allegedly influenced, and duress does not occur if the victim has a reasonable alternative to succumbing and fails to take advantage of it.").

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.